(No. 2639—

ALAN C. ATCHISON ET AL., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1935.*

PAUL G. WEISENHORN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimants allege in their complaint herein that on November 29th, 1933, claimant Alan A. Atchison was driving his automobile in a southerly direction on S. B. I. Route 4, about five (5) miles south of the city of Pontiac; that the claimant Cecile E. Atchison was a passenger in said automobile; that for a long time prior to said November 29th, the respondent knowingly and negligently permitted a girder on one of its bridges which formed a part of said S. B. I. Route 4 to project over the concrete highway, thereby preventing a free passage over said bridge; that as a result of the negligence of the respondent as aforesaid, the front wheel of said automobile collided with said steel girder, damaging said automobile to the extent of One Hundred Seventy-five Dollars ($175.00) and causing serious personal injuries to claimant Cecile E. Atchison;—for all of which claimants ask an award in the amount of Three Thousand Dollars ($3,000.00).

The Attorney General has moved to dismiss the case on the ground that the respondent is not liable for the negligence charged in the complaint.

In opposing the motion of the Attorney General, claimants contend that they are entitled to an award on the grounds of equity and good conscience, and ask that the motion of the Attorney General be over-ruled and that they be given an opportunity to produce evidence in support of their claim.

This court has held in numerous cases that in the maintenance of its durable hard-surfaced roads, the State is acting in a governmental capacity; that in the exercise of its governmental functions, the State is not liable for the negligence of its servants and agents, in the absence of a statute making it so liable; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either at law or in equity if the State were suable, and that unless the claimant can bring himself within the provisions of a law giving him the right to an award, he cannot invoke the principles of equity and good conscience to secure such an award.

Numerous citations supporting the foregoing propositions are set forth in the case of *Lester A. Royal* vs. *State,* No. 2597, and in the case of *George McGready* and *John De-Luise* vs. *State,* No. 2604, both decided at the September, A. D. 1935 term of this court, and it is needless to repeat them here.

If all of the allegations of the complaint were proven on the trial, we would have no authority to allow an award under the repeated decisions of this court, and it would therefore be useless to make such proof.

The motion of the Attorney General must therefore be sustained.

Motion allowed. Case dismissed.